UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| CHARLES GARLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-25-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RODNEY BREWER, COMMISSIONER | ) | **MEMORANDUM OPINION** |
| KENTUCKY STATE POLICE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case involves a Kentucky State Police employee's termination as a result of his providing false information during an investigation involving the employee's use of physical force during an arrest. The matter is currently pending for consideration of the defendant's motion for summary judgment. [Record No. 24] After unsuccessfully attempting to have this action voluntarily dismissed so that he could re-file at least one of his claims in the Franklin Circuit Court, the plaintiff chose not to respond to the defendant's summary judgment motion.[1] As a result, the Court will examine the defendant's motion without the benefit of a response.

Having reviewed the materials filed in support of the defendant's motion for summary judgment, the Court will grant the relief sought and dismiss the plaintiff's federal and state law claims with prejudice.

---

[1]    The defendant filed his motion for summary judgment on January 30, 2012. [Record No. 24]  The plaintiff moved the Court to voluntarily dismiss this action on February 21, 2012. [Record No. 26] The Court denied the motion to dismiss on February 28, 2012. [Record No. 28]

**I.**

Summary judgment is required when the moving party establishes, based on evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* (c)(1). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To avoid summary judgment, the nonmoving party must establish the existence of a genuine issue of material fact as to each essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party must do more than cast some "metaphysical doubt" on the material facts. *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002) (citing *Matsushita*, 475 U.S. at 586). Instead, he must present significant, probative evidence of a genuine dispute in order to defeat a motion for summary judgment. *Id.*

As the defendant correctly asserts in his motion, conclusory allegations are not enough to allow a nonmoving party to overcome a motion for summary judgment. *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Instead, a plaintiff as a nonmoving party must identify specific facts showing a genuine issue for trial. The standard is important where, as here, the plaintiff chooses not to respond to the defendant's motion. Under such circumstances, the facts outlined in the defendant's motion may be accepted by the Court because the Court is not required to search the record for information and evidence which rebuts the moving party's position.[2]

---

[2]     Although not an appropriate response to the motion for summary judgment, the plaintiff's motion to dismiss does provide some argument regarding why the relief should not be granted.

**II.**

Plaintiff Charles Garland is a former employee of the Kentucky State Police ("KSP").

Defendant Rodney Brewer is the Commissioner of the KSP.[3]  On May 23, 2010, Garland used

physical force while arresting a suspect following a vehicle pursuit.  An administrative

investigation was instituted to determine whether the use of force was justified.  KSP Sergeant

Lafe Owens conducted the initial portion of the investigation which included interviewing the

parties involved as well as any witnesses to the incident, interviewing medical personnel, and

reviewing any available photographs and medical records.  Sergeant Owens interviewed Plaintiff

Garland as part of his investigation.  During the first interview, Garland denied having struck the

suspect.  However, based upon conflicting evidence and information, Garland was interviewed

a second time.  And during this second interview, he recanted his prior description of the incident

and admitted that he had used physical force against the suspect during the arrest.  Although

Sergeant Owens ultimately concluded that the use of force was justified, he reported Garland's

deception.

On May 27, 2010, Garland's superior, Captain David Marcum, filed an administrative

complaint with KSP's internal affairs section based on the issue of whether Garland had been

dishonest during the administrative investigation. [*See* Exhibit 5 to the defendant's motion for

summary judgment.]  The internal affairs section of the KSP then conducted an independent

investigation concerning the matter and substantiated the allegation of dishonesty.  As a result,

on August 24, 2010, Garland was given written notice of the disciplinary action to be taken

---

3    The factual summary contained in this memorandum opinion is taken almost entirely from the
defendant's unopposed motion for summary judgment.

against him.  [*See* Exhibit 6 to the defendant's motion for summary judgment.]   During this process, Garland also was provided with written notice of the allegation.  Additionally, he was given the opportunity to explain and otherwise defend the circumstances concerning his dishonesty during Sergeant Owen's initial investigation.

Following the August 24th notification, Garland submitted a written statement to Commissioner Brewer which requested, in part, that he not be dismissed for his actions. [*See* Exhibit 7 to the defendant's motion for summary judgment.] Although Garland acknowledged that he had not provided accurate information concerning the May 23, 2010, incident, he contended that he did not intend to be dishonest.  However, after reviewing the investigation and Garland's response, Commissioner Brewer determined that termination was appropriate. [*See* Exhibit 8 to the defendant's motion for summary judgment.]

Garland sought review of his dismissal before the KSP Trial Board, an administrative body that provides officers with a trial-type hearing regarding allegations of misconduct.  During this hearing, the aggrieved officer is provided with due process rights which include the right to counsel as well as the ability to call and cross-examine witnesses.  The hearing before the KSP Trial Board was held on November 1, 2010. [*See* Exhibit 4 to the defendant's motion for summary judgment.] Following this hearing, the board determined that the allegation of dishonesty had been substantiated and affirmed Garland's dismissal. [*See* Exhibit 4, p. 53 (pp. 211-212 of transcript).]

### III.

Garland filed this action against Commissioner Brewer on April 14, 2011, in the Franklin Circuit Court.[4] The Complaint alleged that the defendant's actions deprived him of due process in violation of 42 U.S.C. § 1983. In addition to this federal claim, Garland asserted a claim for abuse of civil process under Kentucky law. According to the plaintiff, Brewer's actions "were committed maliciously and without cause or justification." [*See* Record No. 1; attached Complaint.]

#### A.      The Plaintiff's Claim Under 42 U.S.C. § 1983

As outlined in the Complaint and in Garland's motion for voluntary dismissal [Record Nos. 1, 26], the plaintiff asserts that Commissioner Brewer violated his due process rights by not following the procedures for dismissal of merit system employees in place at the time action was taken against him. However, Commissioner Brewer argues in his motion for summary judgment that, notwithstanding this assertion, the plaintiff was given all the process to which he was due both before and after his termination.

Prior to his termination, Garland was a sworn law enforcement officer employed within the Commercial Vehicle Enforcement Division ("CVE") of the Kentucky State Police. The CVE was created within the KSP by an Executive Order of the Governor of Kentucky dated July 14, 2008. Prior to this Executive Order, the Department of Kentucky Vehicle Enforcement existed within the Justice and Public Safety Cabinet. KRS 15A.30, *et seq*. The governor's Executive

---

[4]      The defendant removed the action to this Court on May 4, 2011. The plaintiff did not seek to remand the case to state court. Instead, he waited until the defendant had moved for summary judgment and then sought to voluntarily dismiss the action under Rule 41(a)(2) of the Federal Rules of Civil Procedure. The motion to dismiss was filed over nine months after it had been removed.

Order abolished the Department of Kentucky Vehicle Enforcement and moved its personnel, assets and statutory responsibilities to an administrative division within the KSP.

On June 25, 2009, the Kentucky General Assembly ratified the governor's Executive Order which moved the CVE to the KSP.  KRS 16.186 *et seq.*  This action created the position of Vehicle Enforcement Officer within the Department of the KSP.  At the same time, the legislature repealed the statutory authority which maintained a Department of Vehicle Enforcement within the Justice and Public Safety Cabinet.  However, the KSP did not issue administrative personnel orders reflecting reclassification of CVE employees until June 16, 2010, due to a mutual oversight by the Personnel Cabinet and KSP.  According to Garland, because the incident giving rise to his termination occurred on May 23, 2010, the KSP violated his due process rights because it subjected him to its disciplinary procedures as outlined in KRS 16.192 rather that the disciplinary procedures for merit system employees governed by KRS 18A.095.[5]  However, as the defendant correctly points out in his motion, regardless of the state procedures utilized, Garland was provided with sufficient due process protections under the Fifth and Fourteenth Amendments.  Thus, his § 1983 claim fails.

Standing alone, alleged violations of state administrative regulations do not establish a violation of 42 U.S.C. § 1983.  *Davis v. Scherer*, 468 U.S. 183, 191 (1984); *see also Sevin v. Parrish of Jefferson*, 621 F.Supp.2d 372, 387 (E.D. La. 2009) (recognizing that a violation of a state statute is not cognizable under 42 U.S.C. § 1983; instead, the federal statute provides a

---

[5]    As a result of separate litigation instituted in the Franklin Circuit Court, Garland currently has an administrative proceeding before the Kentucky Personnel Board under KRS 18A.095.  According to the plaintiff, an appeal of the circuit court's remand to the Kentucky Personnel Board is pending.

Case: 3:11-cv-00025-DCR-EBA   Doc #: 30   Filed: 03/29/12   Page: 7 of 9 - Page ID#: 430

remedy for violations of federal statutory and constitutional rights).  Here, Garland was provided with both pre- and post-termination due process rights.  During the investigation, Garland was advised of the nature and substance of the charge against him.  Additionally, he was given the opportunity to explain his side of the story.  Garland was also given notice of the investigation conducted by the internal affairs section of the KSP.  It is clear that the scope of this investigation concerned his providing false information to Sergeant Owens.  Following an additional interview conducted by Lieutenant McCarty, Garland was given an additional opportunity to rebut, refute, explain and/or mitigate the charge against him.

Next Garland met with Captain Marcum who advised the plaintiff that the allegation of dishonesty had been substantiated.  Following Garland's disagreement with Marcum's recommendation of dismissal, the plaintiff was given the opportunity to provide a written statement to Commissioner Brewer.  This and other information was provided to and considered by Commissioner Brewer before his final decision regarding termination.  And after Garland received notice of his termination, he was given a trial-type, post-termination hearing which complied with the requirements of due process.  *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).  Accordingly, Garland's federal claim fails.[6]

**B.      The Plaintiff's State Law Claim of Abuse of Process**

Finally, with respect to the plaintiff's state law claim, Commissioner Brewer cites *Bonnie Brae Farms, Inc. v. Robinson*, 598 S.W.2d 765 (Ky. App. 1980), in support of his argument that

---

[6]      Although Commissioner Brewer has also argued that he is entitled to qualified immunity barring the plaintiff's claims for monetary damages, the Court does not find it necessary to reach this issue.  Likewise, it is not necessary to address Brewer's additional argument that Garland cannot establish actual damages under the undisputed facts of this case.

such a claim may not be asserted under the facts presented.  As outlined in *Bonnie Brae Farms*,

abuse of process is defined as the irregular or wrongful employment of a judicial proceeding.

Its elements include: (1) an ulterior purpose and (2) a wilful act in the use of the process which

is not proper in the regular conduct of the proceeding.  *Id.* at 766.  Further, in defining the nature

of the proceeding which may be subject to such a claim, the court defined a "judicial process"

as "all acts of the court, from the beginning of the proceeding to its end; a more narrow

definition is the means of compelling a defendant to appear in court."  *Id.*

Commissioner Brewer has not instituted any judicial proceedings against Garland.

Further, the Court has not located any state authority indicating that a claim for abuse of process

would apply to internal or administrative proceedings before state entities, divisions or agencies

such at the Kentucky State Police.  The prior actions and activities of Commissioner Brewer

which preceded the hearing before the KSP Trial Board do not support a claim for abuse of

process. However, with respect to that proceeding, the Court notes that it was the plaintiff – not

the defendant – who requested review of the decision to terminate his employment.

Additionally, Commissioner Brewer did not testify during the November 1, 2010, hearing and

the testimony of other witnesses would not support a claim against Brewer.  As a result, the

Court concludes that Garland's claim for abuse of civil process (Count II) fails to state a claim

and will be dismissed.

## IV.

Plaintiff Charles Garland indicates in his motion to voluntarily dismiss this action that

he is willing to dismiss his federal claims with prejudice, provided he can reassert his state law

claim of abuse of process in a separate proceeding to be filed in the Franklin Circuit Court. However, the Court determined previously that voluntary dismiss would not be appropriate. The Court now determines that neither Garland's federal nor his state claim should proceed. Instead, summary judgment is appropriate.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant Rodney Brewer's Motion for Summary Judgment [Record No. 24] is **GRANTED**.

2.      The federal and state claims asserted in this action by Plaintiff Charles Garland against Rodney Brewer, Commission of the Kentucky State Police, are **DISMISSED**, with prejudice.

3.      A separate Judgment will be entered this date.

This 29th day of March, 2012.



Signed By:

*Danny C. Reeves*   DCR

United States District Judge